DECISION AND JUDGMENT ENTRY
This is a delayed appeal from judgments of the Lucas County Court of Common Pleas in which the trial court accepted a no contest plea from Edward Winfree to a charge of escape (R.C. 2921.34(A)(1) and (C)(2)(b)), entered a finding of guilty and sentenced Winfree to serve two years in prison.
Because Winfree has not provided this court with transcripts of the trial court proceedings he now challenges on appeal, we presume the propriety of the trial court proceedings and affirm the judgment of the trial court.
Winfree has presented two assignments of error for consideration. The assignments of error are:
"ERROR NO. 1
 WAS THE TRIAL COURT'S FINDING THAT THE DEFENDANT WAS GUILTY OF ESCAPE BASED ON THE FACTS PRESENTED, ERRONEOUS AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE? WAS THE TRIAL COURT'S FINDING DEFENDANT WAS GUILTY OF ESCAPE AN ABUSE OF DISCRETION?
"ERROR NO. 2
 DID THE TRIAL COURT ABUSE ITS DISCRETION AND ERR AS A MATTER OF LAW WHEN IT FAILED TO GIVE DEFENDANT CREDIT FOR ALL THE TIME SERVED IN SENTENCING DEFENDANT?"
In support of his first assignment of error, Winfree argues that the trial court erred as a matter of law when it found him guilty of escape. He says that there was no evidence to show that he broke detention, a required element for a charge of escape, pursuant to R.C. 2921.34. He says in his brief that the facts in his case were that he merely walked away from work release, and did not return. He argues that as a person on work release, he was not under detention or in a detention facility.
This court will not consider the merits of the argument presented by Winfree in support of his first assignment of error, because no transcript of the proceedings when Winfree entered his no contest plea and the trial court made a finding of guilt was provided to this court on appeal. While the praecipe in this case shows that Winfree indicated that a transcript should be included in the record on appeal, Winfree did not comply with App.Rs. 9 and 10 because he did not contact the court reporter to have the transcript prepared and transmitted to the clerk of the court of appeals for inclusion in the official record.
In addition, this court cannot consider factual statements made in a party's brief that are not supported by the record as true. See State v.Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, unreported. Therefore, in this case this court has nothing before it to show the facts that were recited by the state to support the trial court's finding that Winfree was guilty of escape, and we must presume the propriety of the trial court proceedings. See, e.g. State v. Garrison (Aug. 14, 1998), Lucas App. No. L-97-1309, unreported; and State v. Pless (Sept. 29, 1995), Lucas App. No. L-94-334, unreported. We therefore presume that the facts recited by the state were sufficient to support a finding of guilt in this case. Winfree's first assignment of error is not well-taken.
In support of his second assignment of error, Winfree argues that the trial court failed to give him credit for the total amount of time he had already served in jail before he was transported to prison. He then presents his version of the facts and calculations to say that he believes he should have been credited with one hundred two days of jail time at the time of sentencing, rather than the ninety-eight days the court noted in its sentencing judgment entry. He also appears to contend that the trial court had an obligation to figure out and to journalize the days of jail time credit he was entitled to from the time of sentencing until he was actually transported to prison. We will address the second half of his argument first.
In the sentencing judgment entry in this case, the trial court said, in pertinent part:
 "Defendant is ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections. Credit for 98 days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution."
This court has previously ruled that a trial court "does not have jurisdiction to give jail time credit for time served between sentencing and transportation to prison. State v. Thorpe (June 30, 2000), Franklin App. Nos. 99AP-1180; 99AP-1181, 99AP-1182; 99AP-1183; 99AP-1184; 99AP-1185; 99AP-1186; and 99AP-1187. This duty lies with the Adult Parole Authority or the Ohio Department of Rehabilitation and Correction." State ex rel. Martin v. Franks(Dec. 27, 2000), Lucas App. No. L-00-1321, unreported. Therefore, there is no merit to Winfree's argument that the trial court had any obligation to calculate the number of days of jail time credit he should receive after he was sentenced, but before he was transported to prison.
As to the first part of Winfree's argument, wherein he recites his version of the facts and explains the calculations he says the trial court should have used, we find ourselves with the same difficulty that we experienced in the first assignment of error. Winfree has not provided this court with a transcript of the sentencing proceedings in the trial court. We therefore have no transcript to review to determine how the trial court calculated the jail time credit or why it concluded that Winfree was entitled to ninety-eight days of credit for time served prior to sentencing.
The Tenth District Court of Appeals considered a case in which the defendant did not provide a transcript on appeal and did not present his arguments regarding jail time credit in a timely manner. State v.Thorpe (June 30, 2000), Franklin App. Nos. 99AP-1180; 99AP-1181; 99AP-1182; 99AP-1183; 99AP-1184; 99AP-1185; 99AP-1186; 99AP-1187, unreported. The Tenth District Court of Appeals said, in part:
 "With regard to the credit for jail time served while awaiting trial, the record is insufficient to determine whether appellant received the proper pre-sentence credit. Appellant has failed to file a transcript of the sentencing proceedings, and we are therefore unable to determine if the trial court explained how it calculated the one hundred forty days of jail credit or whether appellant presented any objection or argument on this issue." Id.
Likewise, the Fourth District Court of Appeals said in dicta in a similar case where a defendant did not timely raise his arguments and did not provide a transcript on appeal that the failure to provide a transcript resulted in the necessity of presuming the propriety of the trial court's calculations for jail time credit. State v. Robinson (Oct. 23, 2000), Scioto App. No. 00 CA 2698, unreported.
We therefore conclude that in the absence of a transcript of the sentencing hearing, we must presume the propriety of the trial court's calculations regarding the presentencing jail time credit Winfree was entitled to in this case. Winfree's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Winfree is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
State v. Winfree
L-01-1282
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.